**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>OAKHURST LODGE, INC.,<br><br>          Debtor. | Case No. 11-17165-A-11 |
| JACK PATEL et al.,<br><br>          Plaintiffs,<br>     v.<br><br>STEVE MARSHALL et al.,<br><br>          Defendants. | Adv. No. 19-1055-A<br><br>DMS-8<br><br>**MEMORANDUM** |

Argued and submitted on March 16, 2021

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Donna M. Standard for Steve Marshall; Sharlene F. Roberts-Caudle, Glenn E. Gates for Jack Patel, Justin D. Harris, Harris Law Firm, PC for Jack Patel, Sam Patel, and Oakhurst Lodge, Inc.; Sheryl D. Noel for Sushila Desai and Shantilal Desai

A party who fails to respond to Requests for Admission admits them. After the pretrial conference, relief may be granted only to "prevent manifest injustice." Under Oakhurst Lodge, Inc.'s Chapter 11 plan, Steve Marshall retained equity if he made "a $50,000 capital contribution." Financial reports, signed by Marshall, show that he loaned the debtor $45,000. After trial, Marshall moves to withdraw his deemed admissions about characterization of those funds. Would denying relief cause manifest injustice?

**I.　FACTS**

Oakhurst Lodge, Inc., corporation, filed chapter 11 bankruptcy and confirmed a plan. As applicable here, the plan provides:

> 6.10.1 **Class Description.** This class consists of all equity interests in the Debtor. The current holders of equity interests are as follows: Chet Patel-40 shares; Sam Patel-34 shares; Steve Marshall-40 shares.
>
> ...
>
> 6.10.3 **Treatment.** All Class 4 equity interests shall be extinguished on the Effective Date. Steven Marshall shall make a $50,000 capital contribution on or before the Effective Date and shall be issued 50 shares in the Reorganized Debtor on the Effective Date if the contribution is made on or before the Effective Date. Jack Patel shall make a $50,000 capital contribution on or before the Effective Date and shall be issued 50 shares in the Reorganized Debtor on the Effective Date.

Plan § 6.10, ECF No. 79, Case No. 11-17165. The effective date of the plan was March 21, 2012.

This court previously ruled that Sam Patel did not receive notice of the plan and therefore his rights were not modified by plan confirmation.

The Monthly Operating Report for the period ending October 31, 2011, signed by Steve Marshall, shows the debtor received a $45,000

2

"loan from shareholder," ECF No. 88, Case No. 11-17165. Although the Report does not specify who made this payment, the parties agree that the origin of these funds was Steve Marshall (or persons making the payment on his behalf). The Monthly Operating Report for the period ending February 29, 2012, also signed by Steve Marshall, shows that the debtor received a $1,994.12 "shareholder loan repayment," ECF No. 136, Case No. 11-17165. The same Report also shows that Jack Patel advanced $50,000 to the debtor, *Id*. No filed statement or report indicates that Steve Marshall made the required capital contribution on or before March 21, 2012.

**II. PROCEDURE**

    Thereafter, Oakhurst Lodge, Inc., Jack Patel and Sam Patel brought this adversary proceeding against Steve Marshall, requesting the following: i) declaratory relief that Jack Patel owns 50 shares, that Sam Patel owns 34 shares and that Steve Marshall retains no interest; ii) declaratory relief as to the identity of the members of the debtor's board of directors and officers; iii) determination of the interests of judgment creditors Sushila and Shantilal Desai, if any, in the shares of stock and/or proceeds from shares of stock awarded to Marshall, First Amended Complaint, ECF No. 95. Marshall answered.

    In dispute is whether the $45,000 that Steve Marshall advanced to Oakhurst Lodge, Inc. was a capital contribution or a loan. Immediately before the close of discovery and some six months before trial, Jack and Sam Patel's attorney Justin Harris served Steve Marshall 20 Requests for Admission by mail, Declaration of Justin D. Harris, ECF No. 192. The deadline for Marshall to respond to the

Requests for Admission was July 13, 2020.[1] Marshall did not respond. As a result, Marshall effectively admitted that Jack Patel had not received notice of the Chapter 11 bankruptcy, that Marshall was not a shareholder and that Jack Patel made a $50,000 capital contribution payment as required under the plan on or before the effective date, ECF No. 193. Marshall continued to not respond to the deemed admissions for 6.5 months.

　　　Sam and Jack Patel filed a Motion in Limine on January 29, 2021, ECF No. 190, requesting that the court exclude all evidence that will contradict the deemed admissions. Marshall opposed this motion, ECF No. 201, stating that: i) he was not served the Requests for Admission in compliance with the Scheduling Order because an "additional five days" (sic-FRBP 9006(f) 3 days) was applicable for when his response was due; ii) he sent an objection to the Requests for Admission to Justin Harris but he cannot find a copy of the objection; iii) he did not hear back from Harris and therefore assumed there were no further issues; iv) he alternatively requests permission to withdraw the admissions under Federal Rule of Civil Procedure 36(b). The court denied Marshall's request and granted Sam and Jack Patel's Motion in Limine, ECF No. 207.

　　　Marshall now brings this motion to: i) set aside the court's ruling on the Motion in Limine; ii) set aside the Requests for Admissions being deemed admitted, or alternatively, to exclude the

---

[1] Requests for admission must be responded to within 30 days, Fed. R. Civ. P. 36(a)(3), *incorporated by Fed. R. Bankr. Proc. 7036*. Fed. R. Bankr. Proc. 9006(f) allows for an additional three days. The deadline fell on Sunday, July 12, 2020. Thus, the deadline was extended to the next business day July 13, 2020.

admissions entirely on the basis they were not disclosed in Sam and Jack Patel's lists of exhibits prior to trial, which were not realized at trial; and iii) set a new trial so that Marshall may bring additional evidence to support his claims, ECF No. 210. Marshall filed voluminous evidence in support of his motion, Exhibits, ECF No. 212. In particular, Marshall filed with his exhibits his responses to the original Requests for Admission, asserting that Marshall alone made a $50,000 capital contribution to the debtor and denying that Jack Patel ever made a $50,000 capital contribution, *Id*.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. § 1334; General Order No. 182, U.S. District Court for the Eastern District of California. This is a core and non-core proceeding. The first count is core. The second and third counts are non-core. First count: 28 U.S.C. § 157(b)(2)(A), (O); Second and Third counts: 28 U.S.C. § 1367; Status Conference Hr'g, April 13, 2020. The parties have consented to the entry of final orders and judgment by the bankruptcy court. Amended Compl. ¶ 13, March 9, 2020, ECF No. 95; Status Conference Hr'g, April 13, 2020. Venue is proper. 28 U.S.C. § 1409(a).

**IV. LAW**

    **A.    Federal Rule of Civil Procedure 16(e)**

If the motion to withdraw or amend is made after a pretrial order has been entered or during trial, the amendment must be necessary to "prevent manifest injustice," Fed. R. Civ. P. 16(e), *incorporated by* Fed. R. Bankr. P. 7016; *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000); *McLean Contracting Co. v.*

5

*Waterman Steamship Corp.,* 277 F.3d 477, 479-480 (4th Cir. 2002). The burden is on the party seeking modification to establish that "manifest injustice" would result if the pretrial order is not modified, *Byrd v. Guess,* 137 F.3d 1126, 1132 (9th Cir. 1998) (abrogation on other grounds recognized by *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 372-373 (9th Cir. 1998)).

B.  **Federal Rule of Civil Procedure 36(b)**

When a party serves on any other party a request for admission and the other party fails to respond, "The automatic admission…is a sufficient remedy for the party who made the request."  8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure* § 2265 (3d. ed. 2010).  A party may be permitted to withdraw or amend an admission only if the court finds, subject to Fed. R. Civ. P. 16(e), "[i] withdrawal will aid in presenting the merits of the case, and [ii] no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended," Phillips & Stevenson, *Federal Civ. Proc Before Trial* § 11:2087 (Rutter Group 2020); Fed. R. Civ. P. 36(b), *incorporated by* Fed. R. Bankr. P. 7036. Both elements must be satisfied, *see Conlon v. United States,* 474 F.3d 616, 625 (9th Cir. 2007) (holding that a court must consider both factors in deciding a motion to withdraw or amend); *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir. 1983).

V.  **DISCUSSION**

Steve Marshall requests the court to i) vacate the judgment as to the Motion in Limine, or alternatively, allow him to withdraw his deemed admissions; and ii) to grant him a new trial. In summary,

6

Marshall requests relief from his deemed admissions. Therefore, to decide whether to grant Marshall's motion, the court will particularly consider whether denying the motion will result in manifest injustice under Fed. R. Civ. P. 16(e), and whether granting the motion will impose substantial prejudice on Sam and Jack Patel under Fed. R. Civ. P. 36(b).

### A.  Federal Rule of Civil Procedure 16(e) - Prevent Manifest Injustice

Denying Marshall's request will not constitute manifest injustice under Fed. R. Civ. P. 16(e) if Marshall's $45,000 payment is a loan and not a capital contribution. Whether Marshall's advance to the debtor corporation is a debt or equity depends primarily on his intent on the date of the transaction, *see In re Daewoo Motor America, Inc.,* 471 B.R. 721 (C.D. Cal. 2012).

Oakhurst Lodge, Inc.'s financial reports establish that Marshall intended his $45,000 advancement to be a loan. The October 2011 Monthly Operating Report, signed by Marshall, indicates that the $45,000 was a "loan from shareholder," ECF No. 88, Case No. 11-17165. There are no reports prior to this period or before the plan's effective date indicating that the debtor received other loans from shareholders. The February 2012 Report, also signed by Marshall, shows a $1,994.12 "shareholder loan repayment," ECF No. 136, Case No. 11-17165, signaling that the $45,000 was not a capital contribution. No statement indicates that Marshall made any capital contribution on or before March 21, 2012. The evidence presents that Marshall's $45,000 advance was a loan and contradicts Marshall's statement that he alone made the $50,000 capital contribution on or before the effective date,

7

ECF No. 212.

Due to the presented evidence, Marshall failed to show that granting his motion to withdraw admissions is necessary to prevent manifest injustice under Fed. R. Civ. P. 16(e).

**B.  Federal Rule of Civil Procedure 36(b) – Aids or Promotes Presentation of the Case**

The first half of the test under Rule 36(b) is satisfied when upholding the admissions at issue would eliminate any presentation of the merits of the case. Here, denying Marshall's request to set aside the Motion in Limine and the deemed admissions would eliminate a determination of the merits. In particular, admissions No. 1 (Sam Patel did not receive notice of the chapter 11 plan filed by Oakhurst Lodge, Inc.), No. 3 (Marshall did not make a $50,000 capital contribution to the debtor on or before the effective date), No. 13 (Jack Patel made a $50,000 capital contribution payment to the debtor on or before the effective date) and No. 20 (Marshall has no shareholder interest in Oakhurst Lodge, Inc.) essentially bar Marshall from presenting the merits of this case, Exhibits, ECF No. 193. Allowing Marshall to withdraw his admissions would facilitate his presentation of the merits of this case. For the foregoing reasons, Marshall satisfied the first half of the test under Rule 36(b).

**C.  Federal Rule of Civil Procedure 36(b) – Substantial Prejudice**

When determining whether a party satisfied the second half of the test under Rule 36(b), courts focus on the prejudice that the nonmoving party would suffer at trial, *Conlon v. United States*, at 623 (holding that continuing the case for discovery and resubmission of exhibits after the plaintiffs relied on the deemed admissions for 2.5

months for imminent trial constituted clear prejudice); *See Sonoda v. Cabrera,* 255 F.3d 1035, 1039–40 (9th Cir. 2001); *see also Raiser v. Utah County,* 409 F.3d 1243, 1247 (10th Cir. 2005) (holding that there was no prejudice when the nonmoving party relied on the deemed admissions for only a two-week period while preparing its summary judgment motion).

　　Marshall states in his motion that the deemed admissions due to his failure to respond by the deadline constitute "manifest injustice," ECF No. 212. However, this case involves more than a mere failure to comply with the deadlines. This adversary proceeding has been pending for over 1.5 years. Marshall did not file any response regarding the Requests for Admissions until 6.5 months after they were deemed admitted, ECF No. 201. Marshall's present motion was filed 7 months after they were deemed admitted. Sam and Jack Patel have heavily relied on the deemed admissions while persisting through this adversary proceeding. Granting Marshall's motion would require retrial of the entire action, which would severely prejudice Sam and Jack Patel.

　　The court concludes that Marshall failed to satisfy the second prong of Rule 36(b) and will deny his motion. Therefore, the court will not permit Marshall to withdraw or amend the deemed admissions under Rule 36(b).

/
/
/
/
/

**VI.   CONCLUSION**

For each of these reasons, Steve Marshall's motion will be denied as provided herein. The court will issue an order from chambers.

Dated: March 16, 2021

*Fredrick E. Clement*
Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorney for the Plaintiff**(s) | **Attorney for the Defendant**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |
| **All Creditors** | Steve Marshall<br>32149 Road 416<br>Coarsegold, CA  93614-8932 |
| **Sheryl Noel**<br>499 W Shaw #116<br>Fresno, CA  93704 | |